**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANH NGUYEN, | § | |
| (A#45650332) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-cv-2423 |
| | § | |
| JEFF SESSIONS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Anh Nguyen filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C.
§ 2241, challenging the duration of his confinement by Immigration and Customs
Enforcement (ICE) officials with the United States Department of Homeland Security
(DHS). The respondents filed a motion to dismiss the petition and Nguyen, represented by
counsel, filed a response. (Docket Entry Nos. 8, 16). The respondents subsequently filed
an amended motion to dismiss, supplemented by an advisory and status report, advising
the Court that Nguyen would be released from custody on June 18, 2019, and that his
petition is moot. (Docket Entry Nos. 19, 20). Nguyen has not responded.

After considering all the pleadings and the applicable law, the Court will grant the
respondents' amended motion and dismiss this case as moot.

## I.    Discussion

According to the petition, which was received on July 13, 2018, Nguyen is a native
and citizen of Vietnam. In January 2008, Nguyen's order of deportation became final. On

April 18, 2018, Nguyen, who has a criminal history, was taken into ICE custody from the Texas Department of Criminal Justice. He had previously been detained by ICE twice, for 6-month periods, in connection with the same deportation order. Because he has been in custody, in total, for more than six months without a foreseeable removal date, Nguyen argues he is entitled to habeas corpus relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Supreme Court held that persons may be detained pending removal for a "presumptively reasonable period" of no more than six months after the removal period expires. *See id.* at 701.

The respondents have filed an amended motion to dismiss, supplemented by an advisory and status report, advising the Court that Nguyen was scheduled for removal from the United States to Vietnam on June 18, 2019. (Docket Entry Nos. 19, 20). The respondents note, therefore, that Nguyen's release from custody renders his habeas corpus petition moot. Public records reflect that Nguyen is no longer in custody.

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477). Because Nguyen's petition challenges only his continued

2

detention, his release from custody leaves nothing for this Court to remedy. *See id.* at 18.

The Court concludes that Nguyen's petition is moot and must be dismissed.

## II.   Conclusion and Order

Accordingly, the Court **ORDERS** as follows:

1.   The respondents' amended motion to dismiss, (Docket Entry No. 19), is **GRANTED**.

2.   The respondents' motion to dismiss, (Docket Entry No. 8), is **DENIED** as moot. Any and all remaining pending motions are denied as moot.

3.   The habeas corpus petition filed by Anh Nguyen is **DISMISSED without prejudice** as **MOOT**.

SIGNED at Houston, Texas, on _____**JUN 1 9 2019**_____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE